IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

DANIEL P. SEAGRAVE,

Plaintiff,

vs.

TCC BUILDING "R" ASSOCIATES, LP,
a foreign Limited Partnership,

Defendant.

_______________________________/

**COMPLAINT**

Plaintiff, DANIEL P. SEAGRAVE, ("Plaintiff") sues through counsel Defendant, TCC BUILDING "R" ASSOCIATES, a foreign Limited Partnership ("Defendant") and in support states:

1. That this is an action for common law negligence (premise liability) by Plaintiff against Defendant where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between citizens of different states.

2. That this action satisfies the complete diversity of citizenship requirement of 28 U.S.C. 1332 (A) (1).

3. That at all times material hereto, Plaintiff has been over eighteen years of age, a resident of Florida and other sui juris. All Plaintiff's treating physicians relating to the incident described herein, with the exception of the Urgent Care Doctor Plaintiff saw in Buffalo one (1) time after the incident reside and practice in Florida. Plus, the only eyewitness to the incident in this action, is a Florida resident.

4. That at all times material hereto, Defendant has been a foreign Limited Partnership located at 235 South Elmwood (Uniland) in Buffalo, New York 14202 with its principal place of business located at 3400 HSBC Center, Buffalo, New York 74203 or 100 Corporate Parkway, Suite 500, Amherst, New York 14226. Defendant via Uniland, its parent company continues to conduct substantial, not isolated business activities and ventures in the State of Florida and in particular, within the United States Southern District Court jurisdiction and venue.

5. That Plaintiff submits a party's residence (in this case Florida) is prima facie evidence of a party's domicile and for purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship. Katz v. J.C. Penney Corporation, 2009 WL 1532129, 3 (S.D. Fla) (Cohn, J.) (Internal citations omitted).

6. That prior to initiating this action, Plaintiff via counsel conveyed to the Defendant a pre-suit demand letter on June 22, 2022 demanding $1,000,000.00. Hence, Plaintiff has a good faith belief, his damages in this action as noted above, exceed $75,000.00.

7. That on or about January 13, 2022 Plaintiff was a "business invitee" in a "covered" parking garage "dimly lit" located at 235 South Elmwood in Buffalo, New York 14202. This parking garage was in the sole, exclusive dominion and control of Defendant. Defendant owned, leased, operated, controlled and maintained this parking garage. Accordingly, it (Defendant) had a non-delegable duty to business invitees on its premises to maintain and use reasonable care to keep and maintain its premises in a reasonable safe condition for all persons on its premises, to include business invitees like MR. SEAGRAVE, where their presence was reasonably foreseeable. This non-delegable duty included a duty to warn business invitees to include Plaintiff, of all dangerous conditions that existed on its premises that it had or should have had actual or constructive knowledge of on January 13, 2022 and prior thereto.

8. That Plaintiff on January 13, 2022 was lawfully on Defendant's premises while exiting his rental car when he "slipped and fell" on unobservable, dirty, significant, large amounts of oil on the concrete floor of the "dimly lit" dark parking garage, and as a result sustained substantial injuries and damages as set forth hereinbelow.

9. That Defendant breached its duty of reasonable care, and failure to properly maintain its premises in a reasonably safe condition and warn others of a dangerous condition it had or should have had actual or constructive knowledge of by:

a. Creating or allowing to exist the condition to exist described above where business invitees, such as Plaintiff exit their motor vehicle or rental motor vehicles;

b. Failing to correct or remedy a dangerous condition(s) described above of it knew or should have known existed for a sufficient length of time;

c. Failing to place warning signs of the dangerous condition(s) described above;

d. Failing to properly maintain and examine and inspect the parking garage concrete floors for the existence of dangerous condition(s) to make sure the garage and concrete flooring were free from liquids and dirty oil;

e. Failing to exercise reasonable care in the maintenance of the concrete floor of the parking garage;

f. The dangerous condition(s) was a regular reoccurring or ongoing condition, therefore, Defendant knew or in the exercise of reasonable care, should have known of the dangerous and hazardous condition(s); and

g. The Defendant should have properly trained its employees, servants and agents, acting within the course and scope of employment for Defendant to observe, inspect and

notice dangerous conditions of the concrete floor of the parking garage to include dirty, accumulated greasy, slippery oil; and

h. Failure to properly keep the parking garage lit, instead of dimly lit.

10. That as a direct, natural and proximate and foreseeable breach of its duties to Plaintiff and the described acts of the negligence on the part of Defendant which were the proximate cause of injuries and damages to Plaintiff.

11. That as a direct and proximate result of the negligence of Defendant described above due to its breach of non-delegable duties to Plaintiff, Plaintiff sustained injuries and suffered bodily injury and resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care, and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, DANIEL P. SEAGRAVE, demands judgment for compensatory damages in excess of $75,000.00 against Defendant, interest, and taxable costs and demands, trial by jury on all issues so triable.

Respectfully submitted,

**THE LAW OFFICES OF THOMAS J. ALI, P.A.**
PGA Financial Plaza
3399 PGA Boulevard, Suite 150
Palm Beach Gardens, Florida 33410
Telephone: (561) 296-7900
Facsimile: (561) 296-7919
By: /s/ Thomas J. Ali
THOMAS J. ALI, ESQUIRE
Florida Bar No.: 0370746
Email: tali@stuartnkaplanpa.com
Secondary Email: rbailey@stuartnkaplanpa.com
*Attorney for the Plaintiff*